SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric John Meisner, ) | No. CV 08-8127-PCT-DGC (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Anders Rosenquist, et al., ) | |
| Defendants. ) | |

Plaintiff Eric John Meisner, who is confined in the Fort Dix Federal Correctional Institution in Fort Dix, New Jersey, has filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.) The Court will dismiss the Complaint and this action without leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $42.30. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

1  governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
2  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4  be granted, or that seek monetary relief from a defendant who is immune from such relief.
5  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
6  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
7  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
8  (*en banc*).  Plaintiff's Complaint will be dismissed without leave to amend because the
9  defects cannot be cured.

10 **III.  Complaint**

11  Plaintiff alleges one claim for relief.  He sues Anders Rosenquist and his law firm,
12 Rosenquist & Associates, and John or Jane Does affiliated with that law firm.  Rosenquist
13 has been appointed as Plaintiff's attorney on direct appeal of his federal conviction.  Plaintiff
14 seeks declaratory, injunctive, compensatory, and punitive relief.

15 **IV.  Failure to State a Claim**

16  To state a Bivens claim, a plaintiff must allege that persons acting under color of
17 federal law violated his constitutional rights.  Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996)
18 (citing Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991)).  Thus, an action under
19 Bivens is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement
20 of a state actor under § 1983 by a federal actor under Bivens.  Id.  "[A] person acts under
21 color of state law only when exercising power 'possessed by virtue of state law and made
22 possible only because the wrongdoer is clothed with the authority of state law.'"  Polk
23 County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S.
24 299, 326 (1941)).

25  Whether an attorney representing a criminal defendant on appeal is privately retained,
26 a public defender, or court-appointed counsel, he does not act under color of state law.  See
27 Polk County, 454 U.S. at 317-18, 325; Miranda v. Clark County, Nevada, 319 F.3d 465, 468
28 (9th Cir. 2003) (*en banc*).  Just as an attorney does not act under color of state law in

1  representing a criminal defendant in state court proceedings, an attorney does not act under
2  color of federal law in representing a criminal defendant in federal proceedings. Cox v.
3  Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).  Therefore, a Bivens action cannot be
4  maintained against an appointed lawyer, even one employed by the federal government,
5  because he does not act under color of federal law.  See Polk County, 454 U.S. at 317-18;
6  Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984); Cox, 685 F.2d at 1099.

7       Plaintiff sues all of the Defendants based solely on their representation of Plaintiff on
8  his direct appeal.  Because none of the Defendants acted under "color of federal law,"
9  Plaintiff cannot state a Bivens claim against them. Plaintiff cannot cure this defect by
10 amendment. Accordingly, the Complaint and this action will be dismissed without leave to
11 amend.

12 **IT IS ORDERED:**

13      (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)

14      (2)    As required by the accompanying Order to the appropriate government agency,
15 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $42.30.

16      (3)    The Complaint (doc.# 1) and this action are **dismissed** for failure to state a
17 claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment
18 accordingly.

19      (4)    The Clerk of Court must make an entry on the docket stating that the dismissal
20 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

21      DATED this 21st day of October, 2008.

22
23
24                     */s/ David G. Campbell*
                          _____
25                           David G. Campbell
                          United States District Judge
26
27
28